IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS M. SMITH, # 08937-025, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 14-cv-00514-JPG |
| J. S. WALTON, *et al.* | ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Thomas Smith, an inmate who is currently incarcerated in the United States Penitentiary in Marion ("Marion"), brings this civil action *pro se* against twelve prison officials (Doc. 1). Plaintiff's complaint violates the pleading requirements of the Federal Rules of Civil Procedure. For the reasons discussed below, the complaint shall be dismissed without prejudice and with leave to file an amended complaint.

**The Complaint**

According to the complaint, Plaintiff is known to his peers as "Train Wreck Tommy" (Doc. 1, p. 4). He has "a long history of psychological and mental health problems" that includes "manic depression, bi-polar disorder, minor skitzofrenia (sic) and . . . [d]iasociative (sic) identity disorder"[1] (Doc. 1, pp. 3-4). Since being taken into federal custody, Plaintiff has also been identified as needing treatment for borderline personality disorder (Doc. 1, p. 3). He admits that "many times" he has "disrupted the orderly flow of the instution (sic)" (Doc. 1, p. 4).

Plaintiff goes on to allege that he is HIV positive. He suffers from a chronic knee problem and a nerve injury in his left hand. While in the custody of the Federal Bureau of Prisons ("BOP"),

---

[1] This diagnosis, which was formerly referred to as "multiple personality disorder," has since been deemed to be incorrect.

Plaintiff suffered a "stress related mini stroke" (Doc. 1, p. 5). At times, one side of his body becomes numb, and he cannot move properly. He also requires medication for "phantom nerve pain as well as seizures."

Having provided this background information, Plaintiff goes on to set forth an exhaustive list of alleged wrongs he has suffered while in BOP custody in New Jersey, Colorado, and Illinois. The list is, for the most part, entirely unrelated to the background information Plaintiff provided. It is also vague. The alleged wrongs include the following, among others:

(1) Plaintiff's grievances and appeals are routinely denied (Doc. 1, pp. 1-2);

(2) Plaintiff and other inmates believe that Defendants Walton, Sproul, Garcia, and Clark order the mailroom staff to interfere with the outgoing legal mail of inmates who are considered "troublesome" (Doc. 1, p. 2);

(3) Lieutenant Cline, who is not named as a defendant in this action, sexually abused Plaintiff in Colorado by targeting him for "pat downs" and smacking him in the groin. When Plaintiff complained, Lieutenant Cline issued Plaintiff disciplinary tickets, placed him in segregation, and had him transferred to Marion (Doc. 1, pp. 2-3);

(4) Defendant Clark confiscated Plaintiff's personal property (Doc. 1, p. 3);

(5) Plaintiff's telephone, email, and visitation privileges have been suspended (Doc. 1, p. 3);

(6) Plaintiff's legal documents have been withheld from him (Doc. 1, p. 3);

(7) Plaintiff has not received a low bunk pass, a walking cane, a mechanical joint knee brace, or the proper amount of the following prescriptions: Indomethacin, Gabapentin, Combivir, Sustiva, Atripla (Doc. 1, p. 5);

(8) Defendants Clayton and Bagwell reduced Plaintiff's dosage of HIV medications (Combivir, Sustiva, and Atripla) as a disciplinary sanction[2] (Doc. 1, p. 5);

(9) Plaintiff has been placed in segregation for an undetermined amount of time, as described in a script Plaintiff included with the complaint (Doc. 1, pp. 6, 9-10);

---

[2] Plaintiff goes on to allege that he "has signed a waiver for all medical services and medications to protest the severity of his distaste for lack of proper health care [because] Plaintiff would rather rely on fate to decide his health and take a chance against his life than to receive mediocre and/or poor healthcare" (Doc. 1, p. 5).

2

(10) Plaintiff has been exposed to unconstitutional conditions of confinement in segregation, including bright lights and spoiled food[3] (Doc. 1, p. 6);

(11) Defendants Brooks, Higgins, Smith, and David conspired to plant contraband in Plaintiff's personal property and issued disciplinary tickets for the same[4] (Doc. 1, pp. 6-7);

(12) Defendant Jackson has engaged in "predatory sexual stalking" of Plaintiff, by pulling his privacy curtain back on one occasion while he was passing a bowel movement and, since then, confiscating and hiding the curtain for five days (Doc. 1, pp. 7-8); and

(13) Defendant Jackson issued Plaintiff disciplinary tickets for failing to pull back his privacy curtain each morning, when other inmates were not issued tickets for the same conduct (Doc. 1, p. 9).

The complaint, which is labeled "civil complaint," mentions no constitutional or statutory basis for relief. Plaintiff has taken a "buckshot" approach to drafting the complaint, offering every conceivable theory of liability without adequately developing any particular one. Plaintiff often omits dates, names, and locations in connection with each incident. In several instances, Plaintiff admits that he already filed another lawsuit to address the incident. Just as frequently, Plaintiff admits that he has only begun the process of exhausting his administrative remedies in connection with a claim.

Review of Plaintiff's request for relief presents additional concerns (Doc. 1, pp. 10-12). Plaintiff seeks the imposition of criminal charges against Defendants. He seeks an investigation into his claims by the Federal Bureau of Investigations (Doc. 1, pp. 10, 12). He seeks release from prison, and he asks for $200,000.00 in gold and silver pieces (Doc. 1, p. 11).

**Legal Standard**

Rule 8 of the Federal Rules of Civil Procedure dictates that a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief" and also "a demand for

---

[3] Plaintiff admits that his grievance addressing these conditions was only recently submitted, and he is still awaiting its disposition (Doc. 1, p. 6).
[4] Plaintiff also indicates that he has filed a federal tort action each time this has occurred, "which always comes back denied" (Doc. 1, p. 7).

the relief sought." FED. R. APP. P. 8(a). According to the United States Supreme Court, the threshold pleading requirement of Federal Rule of Civil Procedure 8 requires that a complaint allege "enough facts to state a claim to relief that is *plausible* on its face" in order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (1955) (clarifying that a "heightened fact pleading of specifics" is not required) (emphasis added). A plaintiff must plead factual allegations which show the right to relief exists beyond mere speculation by "rais[ing] a *reasonable expectation* that discovery will reveal evidence" to substantiate his claims. *Id*. at 555 (emphasis added). The requirement of Rule 8(a)(2) that a plaintiff provide a "short and plain statement" also requires that the complaint be intelligible. *Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

**Discussion**

Even affording Plaintiff's complaint the liberal construction that a *pro se* pleading deserves, it is in clear violation of the pleading requirements. First, it appears that Plaintiff is attempting to improperly bring unrelated claims in a single case. As instructed by the Seventh Circuit Court of Appeals, "[u]nrelated claims against different defendants belong in different suits," in part to prevent prisoners from dodging filing fees or the three strikes provision in the Prison Litigation Reform Act. *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007). Specifically, Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." FED. R. APP. P. 18(a). Under Rule 20(a)(2), defendants may be joined in one action only if the Plaintiff asserts a "right to relief . . . against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action." FED. R. APP. P. 20(a)(2). Thus, under these rules, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George,* 507 F.3d at 607.

The fact that Plaintiff's claims arose at multiple institutions in different states strongly suggests that there is a *George* violation. Plaintiff also asserts separate claims against different defendants in the same institution. These unrelated claims against different defendants belong in separate lawsuits.

Second, Plaintiff admits to bringing claims in this action that are identical to those he raised in other lawsuits. If that is the case, Plaintiff may be barred from re-litigating those claims in this action.

Third, Plaintiff also admits that he has not fully exhausted his administrative remedies with respect to certain claims. On more than one occasion, Plaintiff indicated that a grievance was only recently filed and remained pending when he filed this action. Plaintiff may not pursue his claims in federal court until *after* he has exhausted his available remedies. *See* 42 U.S.C. § 1997e(a). Although failure to exhaust administrative remedies is usually an affirmative defense, when it is clear from the face of the complaint that Plaintiff has not exhausted his available remedies, the complaint fails to state a claim upon which relief may be granted. *Jones v. Bock*, 549 U.S. 199, 214-215 (2007); *see Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002) ("the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous"). Should Plaintiff include such a claim in an amended complaint, it is subject to dismissal.

Fourth, the complaint often fails to associate certain defendants with specific conduct. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). To comply with the general pleading requirements, Plaintiff must describe with specificity the events giving rise to each claim, and identify each defendant who participated in the deprivation. *See Higgason v. Farley*, 83 F.3d 807, 810 (7th Cir. 1996) (plaintiff lacks standing in § 1983 action where he alleges that inmates

5

generally are treated in contravention to the constitution, but not that plaintiff himself was treated in violation of the constitution).

This brings the Court to Plaintiff's request for relief. With the exception of monetary damages, Plaintiff seeks relief that this Court has no authority to grant in this case. This includes Plaintiff's immediate release from prison, his request for criminal charges against Defendants, and his request for an F.B.I. investigation. And although Plaintiff can request monetary damages, he is unlikely to obtain damages in the form of gold and silver pieces, even if he prevails.

Because Plaintiff's complaint is too muddled for either the Court or defendants to manage, it shall be dismissed without prejudice. *Lindell v. McCallum*, 352 F.3d 1107, 1110 (7th Cir. 2003) ("If a complaint's length and lack of clarity make it unintelligible, dismissal under FED. R. APP. P. 8(a) is permitted . . . ."); *Flayter v. Wisconsin Dep't of Corr.*, 16 F. App'x 507, 509 (7th Cir. 2001) ("A prolix and confusing complaint should be dismissed because it makes it difficult for the defendant to file a responsive pleading and for the court to conduct orderly litigation;") (citing *Vicom, Inc. v. Harbridge Merch. Serv., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994)).

However, Plaintiff shall be granted leave to file an amended complaint. When filing his amended complaint, Plaintiff should bring separate, unrelated claims in separate actions. This may include filing actions in another judicial district. As the events giving rise to this action occurred over the course of an unknown period of time, Plaintiff should be mindful of the applicable deadlines when considering whether to file a new lawsuit in the proper district.

**Pending Motions**

Plaintiff has filed a motion for leave to proceed *in forma pauperis* (Doc. 2), which shall be addressed in a separate Order of this Court.

Plaintiff has also filed a motion to petition the court for appointment of counsel (Doc. 6), which shall be held in **ABEYANCE** until such time as an amended complaint is filed.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's complaint (Doc. 1) is **DISMISSED without prejudice** for non-compliance with Rule 8(a) of the Federal Rules of Civil Procedure. Plaintiff is **GRANTED** leave to file his amended complaint **on or before July 7, 2014.** Should Plaintiff fail to file an amended complaint within the allotted time, dismissal will become with prejudice. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

Should Plaintiff decide to file an amended complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. The amended complaint shall present each claim in a separate count, and each count shall specify, *by name*, each Defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that Defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed. To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is **ADVISED** that this dismissal shall not count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00[5] remains due and payable, regardless of whether Plaintiff elects to file an amended complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

---

[5] Should Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) be denied, the filing fee will be $400.00 instead of $350.00.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. APP. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  June 2, 2014**

*s/ J. Phil Gilbert*
**U.S. District Judge**