# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

THOMAS M. SMITH,                )
# 08937-025,                  )
                               )
                **Plaintiff,**    )
                               )
vs.                          )     Case No. 14-cv-00514-JPG
                               )
JEFFREY S. WALTON, *et al.*       )
                               )
              **Defendants.**   )

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter comes before the Court for consideration of Plaintiff Thomas Smith's second amended complaint (Doc. 24), which he filed pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971),[1] the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680, and 42 U.S.C. §§ 1985 and 1986. The second amended complaint is timely.[2] It is now subject to preliminary review under 28 U.S.C. § 1915A.

In the second amended complaint, Plaintiff raises seven claims against twenty-three defendants, all of whom are employed at the United States Penitentiary in Marion, Illinois ("USP-Marion"). Plaintiff alleges that one group of Defendants denied him adequate medical

---

[1] A *Bivens* action is the federal equivalent of a civil rights action brought pursuant to 42 U.S.C. § 1983. Therefore, the Court frequently refers to Section 1983 case law in its analysis. *See Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2002) (With limited exceptions, "a *Bivens* action is the federal analog to suits brought against state officials under . . . 42 U.S.C. § 1983"); *Glaus v. Anderson*, 408 F.3d 382, 386 (7th Cir. 2005); *Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (collecting cases).

[2] The Court dismissed the initial complaint (Doc. 1) on June 2, 2014, after determining that it clearly violated Federal Rule of Civil Procedure 8 (Doc. 9). However, the dismissal was without prejudice, and Plaintiff was granted leave to file an amended complaint that cured the defects noted by the Court in the initial pleading on or before July 7, 2014. Before that deadline expired, Plaintiff filed his first amended complaint (Doc. 12), followed by a motion seeking leave to replace the first amended complaint with a second amended complaint (Doc. 14). The Court granted the motion and set a new deadline for filing the second amended complaint of August 6, 2014 (Doc. 15). At Plaintiff's request, that deadline was extended until September 8, 2014 (Doc. 20).

care, and another group of Defendants retaliated against him.   He also claims that all Defendants conspired to deprive him of his constitutional rights under 42 U.S.C. §§ 1985 and 1986.  He now seeks declaratory judgment, injunctive relief, and monetary damages.

<u>**Merits Review Pursuant to 28 U.S.C. § 1915A**</u>

Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557.  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.   *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.*   At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth*

2

*Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).  After carefully considering the allegations, the Court finds that the second amended complaint survives preliminary review under Section 1915A and shall be allowed to proceed at this time.

## Discussion

In the second amended complaint, Plaintiff generally alleges that one group of officials at USP-Marion deprived him of adequate medical care, and another group subjected him to retaliation for filing this lawsuit.  Plaintiff now sues all twenty-three officials in connection with these general claims.  Plaintiff further claims that all Defendants violated 42 U.S.C. §§ 1985 and 1986 by conspiring to deprive him of his constitutional rights.  A summary of the allegations offered in support of each claim is set forth herein, followed by an immediate discussion of each.

### A.    Medical Claims

In the second amended complaint, Plaintiff alleges that he is HIV positive (Doc. 24, p. 5). He is also a knife-wound survivor, who has limited mobility and severe nerve damage in his fingers.  Plaintiff has a torn ligament in his knee and suffers from periodic seizures. Plaintiff allegedly lives with constant pain.

When Plaintiff arrived at USP-Marion in January 2013, Defendants Szoke, King, and Harvey "examined him [and] observed and diagnosed [his] existing needs, but refused to treat Smith or provide him with medicine" (Doc. 24, pp. 4-5).  Plaintiff allegedly lived with excruciating pain and untreated conditions for twenty months.  He directed numerous written and verbal requests for medical care for these conditions to Defendants Walton, Winklemeir, Bagwell, Leslee Duncan Brooks, Castillo, Cullers, and Cunningham (Doc. 24, p. 5). Defendants allegedly ignored him.

3

In connection with the alleged deprivation of medical care, Plaintiff sues the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680, and Illinois negligence law (**Count 1**) (Doc. 24, p. 8).  Plaintiff also asserts an Eighth Amendment claim for deliberate indifference to medical needs (**Count 2**), pursuant to *Bivens*, against Defendants Szoke, King, Harvey, Walton, Winklmeier, Bagwell, Leslee Duncan Brooks, Castillo, Cullers, and Cunningham (**Count 2**) (Doc. 24, pp. 8-9).  Plaintiff shall be allowed to proceed with **Counts 1** and **2** at this early stage in litigation.

However, **Count 1** is limited to Plaintiff's FTCA claim against the United States and shall not include a separate, or additional, state law negligence claim.  Federal prisoners may bring suit, pursuant to the Federal Torts Claim Act, for injuries sustained through the negligent acts of prison officials.  *Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003) (discussing *United States v. Muniz*, 374 U.S. 150 (1963)).  The Seventh Circuit explained FTCA claims as follows:

> The FTCA permits an individual to bring suit in federal court against the United States for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.  28 U.S.C. § 1346(b)(1).  Pursuant to this provision, federal inmates may bring suit for injuries they sustain while incarcerated as a consequence of the negligence of prison officials.  *United States v. Muniz,* 374 U.S. 150, 83 S. Ct. 1850, 10 L. Ed. 2d 805 (1963).  However, the plaintiff may not bring such a suit unless he has first presented his claim to the appropriate federal agency and that agency has denied the claim.  28 U.S.C. § 2675(a).

*Id.* at 425.  Accordingly, Plaintiff shall be allowed to proceed with **Count 1** at this stage. However, he will be required to demonstrate that he first presented his claim to the appropriate federal agency, and the agency denied the claim.  Failure to do so may result in dismissal of this claim.

**B.    Retaliation Claims**

In the second amended complaint, Plaintiff also alleges that since filing this lawsuit, Defendant Walton "initiated . . .  a retaliatory campaign and directed his staff to do the same," including Defendants Walton, Smith, Huggins, David, C. Brooks, Leslee Duncan Brooks, Clark, Steimetz, Sproul, Garcia, Edmister, Daun, Bryson, and Webber (Doc. 24, p. 5).   Plaintiff has allegedly been the "victim of numerous retaliatory assaults by . . . defendants."  They have made "snide, hostile, [and] offensive remarks" about Smith's pending lawsuit (Doc. 24, p. 7). They have issued "frivolous tickets" and "accusatory incident reports" and punished Plaintiff without conducting disciplinary hearings (Doc. 24, p. 11).

Plaintiff goes on to allege that Defendants Smith, Huggins, David, Brooks, Clark, and Steimetz "target Smith on a daily basis" (Doc. 24, p. 5).   They take "relevant evidence," withhold him from "programming and recovery programs," and "interfere with his access to the court" (Doc. 24, pp. 5-6).  They "take Smith to segregation for no reasonable cause" (Doc. 24, p. 6).   Plaintiff alleges that Defendants Edmister, Daun, and Bryson have direct control over Plaintiff's correspondence and withhold his mail (Doc. 24, p. 6).  They "ravage and vandalize" his legal material.  Defendants Edmister, Daun, and Bryson also use "threats and intimidation" to deter Plaintiff from pursuing his claims in Court, by refusing to provide him with grievance forms.  As a result, he is unable to exhaust his administrative remedies (Doc. 1, pp. 6, 10).

In connection with these allegations, Plaintiff sues Defendants Walton, Smith, Huggins, David, C. Brooks, Edmister, Daun, Bryson, Garcia, Sproul, Clark, Steimetz, and Webber for retaliation in violation of the First Amendment (**Count 3**) and for denial of access to the courts (**Count 4**).   In addition, he sues Defendants Walton, Edmister, Daun, Bryson, Garcia, Sproul, Clark, Steimetz, and Webber for violating his due process rights under the Fifth Amendment

5

(**Count 5**).  Plaintiff shall be allowed to proceed with **Counts 3** and **5** at this time, but **Count 4** shall be dismissed.

With regard to **Count 4**, prisoners have a fundamental right of meaningful access to the courts.  *Bounds v. Smith*, 430 U.S. 817 (1977).  Violations of that right may be vindicated in federal court.  However, an inmate has no constitutional claim unless he can demonstrate that a non-frivolous legal claim has been frustrated or impeded.  *Lewis v. Casey*, 518 U.S. 343, 352-53 (1996).  In the instant case, Plaintiff does not make a single allegation which would describe an actual or potential limitation on his access to the courts.  He merely alleges that Defendants have taken steps to discourage him from pursuing this action.  Yet, he *is* pursuing this action, quite aggressively, and the allegations in his second amended complaint do not suggest otherwise.  He provides no single example of a time when Defendants prevented him from filing a document in this action.  Actual or threatened detriment is an essential element of a claim for denial of access to the courts.  *Howland v. Kilquist*, 833 F.2d 639, 642-43 (7th Cir. 1987); *Hossman v. Sprandlin*, 812 F.2d 1019, 1021-22 (7th Cir. 1987).  Having failed to show any, **Count 4** shall be dismissed without prejudice from this action.

## C.    Conspiracy

Finally, Plaintiff sues all Defendants, except Defendant United States, for violations of 42 U.S.C. §§ 1985 (**Count 6**) and 1986 (**Count 7**).  Both of these claims fail and shall be dismissed.  Under the intracorporate conspiracy doctrine, a Section 1985 conspiracy claim "cannot exist solely between members of the same entity."  *Payton v. Rush Presbyterian-St. Luke's Med. Ctr.*, 184 F.3d 623, 632 (7th Cir. 1999).  All Defendants allegedly worked in the Federal Bureau of Prisons at USP-Marion when they violated Plaintiff's rights.  Under the circumstances, the defendants cannot be sued under Section 1985 for conspiracy.

*See id.  See also Wright v. Ill. Dep't Of Children and Family Servs.*, 40 F.3d 1492, 1508 (7th Cir. 1994).[3]  "[T]he function of a conspiracy claim under Section 1985(3) is to 'permit recovery from a private actor who has conspired with state actors.'" *Turley v. Rednour*, 729 F.3d 645, 649 n.2 (7th Cir. 2013) (quoting *Fairley v. Andrews*, 578 F.3d 518, 526 (7th Cir. 2009)). Under the circumstances, the second amended complaint states no Section 1985 claim against Defendants, all of whom work for and at USP-Marion.  Further, when a plaintiff fails to state a Section 1985 claim, his Section 1986 claim also fails.  *See Smith v. Gomez*, 550 F.3d 613, 617-618 (7th Cir. 2008); *Hicks v. Resolution Trust Corp.*, 970 F.2d 378, 382 (7th Cir. 1992). Accordingly, **Counts 6** and **7** shall be dismissed for failure to state a claim upon which relief may be granted, and the dismissal shall be with prejudice.

## Summary

In summary, Plaintiff shall be allowed to proceed with the following claims at this time:

**Count 1:**   **Claim Under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680, against the United States based on the negligent provision of medical care to Plaintiff at USP-Marion;**

**Count 2:**   **Eighth Amendment deliberate indifference to medical needs claims against Defendants Szoke, King, Harvey, Walton, Winklmeier, Bagwell, Leslee Duncan Brooks, Castillo, Cullers, and Cunningham for responding to Plaintiff's numerous requests for medical care with deliberate indifference;**

**Count 3:**   **First Amendment retaliation claim against Defendants Walton, Smith, Huggins, David, C. Brooks, Edmister, Daun, Bryson, Garcia, Sproul, Clark, Steimetz, and Webber; and**

**Count 5:**   **Due process claim against Defendants Walton, Edmister, Daun, Bryson, Garcia, Sproul, Clark, Steimetz, and Webber for issuing Plaintiff frivolous disciplinary tickets and assessing punishments without a disciplinary hearing.**

---

[3]  While *Wright* focused on corporate managers, nothing in its reasoning precludes application of this doctrine to supervisors and subordinates in a government entity, as long as all are working in the entity's interest. *Id.* at 633.

For the reasons set forth above, all remaining claims shall be dismissed, including the following:

Count 4:    **Denial of access to courts claim against Defendants Walton, Smith, Huggins, David, C. Brooks, Edmister, Daun, Bryson, Garcia, Sproul, Clark, Steimetz, and Webber;**

Count 6:    **Intracorporate conspiracy claim under 42 U.S.C. § 1985; and**

Count 7:    **Intracorporate conspiracy claim under 42 U.S.C. § 1986.**

### Severance

Plaintiff's claims may be subject to severance at some later stage in this litigation. In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act.   *George*, 507 F.3d at 607 (citing 28 U.S.C. § 1915(b), (g)).  At this point in time, the claims shall proceed together because Defendant Walton is allegedly personally involved in the events giving rise to all claims. If further discovery reveals that he is not, however, this Court may opt to sever unrelated claims against unrelated defendants into one or more separate actions and assess a separate filing fee for each newly-severed case.

### Pending Motions

#### A.    Motions to Appoint Counsel (Docs. 6, 17)

Plaintiff has filed a motion to petition for appointment of counsel (Doc. 6) and a related motion to appoint counsel (Doc. 17), both of which are hereby **REFERRED** to a **United States Magistrate Judge** for a decision.

**B.      Motion for Extension of Time (Doc. 8)**

Plaintiff has filed a motion for extension of time to file trust fund account statement (Doc. 8), in which he requests a delay of the Court's "final decision" in three actions pending in this District, including the instant case.  The motion (Doc. 8) is **DENIED**.

**C.      Motion for Extension of Time to File Amended Complaint (Doc. 21)**

Plaintiff has filed a motion for extension of time to file amended complaint (Doc. 21), which is hereby **DENIED** as **MOOT**.  Exactly one week after filing this motion, Plaintiff filed his second amended complaint on August 26, 2014 (Doc. 24), prior to the deadline for doing so.

**D.      IFP Motion (Doc. 22)**

Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 22) is also **TERMINATED**.  Plaintiff was granted to leave to proceed IFP (Doc. 10) on June 10, 2014.

**E.      Motion to Reserve Judgment (Doc. 23)**

Plaintiff's motion to reserve judgment as to certificate of merit (Doc. 23) is hereby **DENIED** as **MOOT** because he is proceeding with his negligence claim under the FTCA, not Illinois state law.

**F.      Motion for Injunctive Relief (Doc. 28)**

Plaintiff's motion requesting injunctive relief against defendants (Doc. 28), in the form of an order prohibiting further interference by Defendants with Plaintiff's legal materials, is **DENIED** as **MOOT**.  At the time he filed this motion, Plaintiff had already advised the Court of his impending transfer to another facility.  Less than one week later, he notified the Court of his actual transfer.  Plaintiff has since transferred to two other facilities.[4]

---

[4] On September 22, 2014, Plaintiff notified the Court of his impending transfer to the Federal Transfer Center located in Oklahoma City, Oklahoma (Doc. 24).  On October 20, 2014, Plaintiff provided the Court with his new "permanent" address at the Federal Correctional Institution in Mariana, Florida ("FCI-Mariana") (Doc. 35).

G.     **Motion for Copies (Doc. 30)**

Plaintiff's motion requesting copies (Doc. 30) is **DENIED**.  As a general rule, the District Clerk will mail paper copies of a document only upon prepayment of the required fee. According to 28 U.S.C. § 1914(b), "[t]he clerk shall collect from the parties such additional fees only as are prescribed by the Judicial Conference of the United States."  The Judicial Conference Schedule of Fees section (4) provides that a fee of $.50 per page shall apply for reproducing any record or paper.  The docket sheet consists of seven pages.  Should Plaintiff wish to purchase a copy of it, he should submit a request for the docket sheet in writing to the Clerk of Court, along with the required prepayment of $3.50.  All further requests for documents from the court file should also be made in writing to the Clerk of Court, by referring to the number listed for that document on the docket sheet and sending in the required prepayment.

H.     **Motion for Release of Information (Doc. 31)**

Plaintiff's motion for release of information (Doc. 31), in which he asks the Court to sign a "Release of Information Form" so that he may obtain a complete copy of his medical records is **DENIED**.  The Court's signature is not required for this information.

I.      **Motion Information Court of Filing of Relevant Evidence (Doc. 32)**

Plaintiff's motion to Court informing Court of Plaintiff's filing of relevant evidence (Doc. 32) is hereby **DENIED**.  In the motion, Plaintiff advises the Court of his intentions to file additional evidence with the Court as it becomes available.  It is not necessary to do so at this time.

J.     **Motion for Blank Forms (Doc. 33)**

Plaintiff's motion requesting blank forms (Doc. 33), in which he seeks a copy of each of the following three forms is hereby **GRANTED**: (1) Petition for Writ of Habeas Corpus

Pursuant to 28 U.S.C. § 2241; (2) Motion for Leave to Proceed *In Forma Pauperis*; and (3) and Certification Form.  The Clerk shall be directed to provide Plaintiff with one copy of each form.

**K.      Motion for Inmate Financial Responsibility Program Payments (Doc. 36)**

Finally, Plaintiff has filed a motion seeking the Court's assistance in setting up payments under the Inmate Financial Responsibility Program (Doc. 36), in order to pay the remaining filing fee for this action and to pay other unrelated fees.   This motion is **DENIED**. However, this Court shall enter a separate Order for payment of the remaining filing fee associated with this action, to the extent that it is necessary to do so.

<u>**Disposition**</u>

The Clerk is hereby **DIRECTED** to provide Plaintiff with one blank copy of each of the following forms: (1) Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241; (2) Motion for Leave to Proceed *In Forma Pauperis*; and (3) and Certification Form.

**IT IS HEREBY ORDERED** that **COUNT 4** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted, and **COUNTS 6** and **7** are **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

**AS TO COUNTS 1, 2, 3,** and **5,** the Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendants **WALTON, SPROUL, GARCIA, CLARK, BAGWELL, LESLEE DUNCAN BROOKS, C. BROOKS, DAVID, HUGGINS, SMITH, STEIMETZ, WINKLMEIER, SZOKE, KING, HARVEY, CASTILLO, CULLERS, CUNNINGHAM, EDMISTER, DAUN, BRYSON, WEBBER,** and the **UNITED STATES OF AMERICA**; the Clerk shall issue the completed summons.

The United States Marshal **SHALL** serve Defendants **WALTON, SPROUL, GARCIA,**

CLARK, BAGWELL, LESLEE DUNCAN BROOKS, C. BROOKS, DAVID, HUGGINS, SMITH, STEIMETZ, WINKLMEIER, SZOKE, KING, HARVEY, CASTILLO, CULLERS, CUNNINGHAM, EDMISTER, DAUN, BRYSON, WEBBER, and the **UNITED STATES OF AMERICA** pursuant to Rule 4(e) of the Federal Rules of Civil Procedure. All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

In addition, pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the complaint, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the complaint, and this Memorandum and Order.

It is **FURTHER ORDERED** that Plaintiff shall serve upon Defendants, or if an appearance has been entered by counsel, upon that attorney, a copy of every pleading or other document submitted for consideration by this Court. Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to each defendant or counsel. Any paper received by a district judge or a magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate Judge** for further pre-trial proceedings, including a decision on Plaintiff's two

motions to appoint counsel (Docs. 6, 17).

Further, this entire matter shall be **REFERRED** to a **United States Magistrate Judge** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  December 3, 2014**

> *s/J. Phil Gilbert*
> **U.S. District Judge**