UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

THOMAS M. SMITH,

    Plaintiff,

v.

JEFFERY S. WALTON, M. WINKLMEIER, M. BAGWELL, D. SZOKE, ROBERT KING, PAUL HARVEY, LESLEE DUNCAN BROOKS, FERNANDO CASTILLO, BENJAMIN CULLERS, PATRICK CUNNINGHAM, J. SMITH, D. HUGGINS, J. DAVID, C. BROOKS, ERIC EDMISTER, MICHELLE DAUN, ROBYN BRYSON, E. GARCIA, D. SPROUL, H. CLARK, STEIMETZ, J. WEBBER and UNITED STATES OF AMERICA,

    Defendants.

Case No. 14-cv-514-JPG-SCW

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 119) of Magistrate Judge Magistrate Judge Stephen C. Williams recommending that the Court grant the motion to dismiss Count 1 filed by the defendant United States of America (Doc. 52) and allow plaintiff Thomas M. Smith 30 days to replead. Smith objects to the Report (Doc. 126), and the United States has filed a response to that objection (Doc. 128).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

The Court has reviewed the matter *de novo* and agrees that Count 1 should be dismissed

without prejudice and that he should be allowed an opportunity to remedy the shortcoming. In Count 1, Smith has sued the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) & 2671-80, alleging it is liable for the negligence of federal employees at the United States Penitentiary at Marion, Illinois ("USP-Marion"), for denying him medical care. The FTCA is a limited waiver of the Government's sovereign immunity. It gives federal courts

> exclusive jurisdiction of civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). It allows the United States to be held liable for tort claims "in the same manner and to the same extent as a private individual under like circumstances. . . ." 28 U.S.C. § 2674; *see United States v. Muniz*, 374 U.S. 150, 153 (1963); *Augutis v. United States*, 732 F.3d 749, 752 (7th Cir. 2013), *cert. denied*, 135 S. Ct. 53 (2014). To determine how a private individual would be treated, the Court must apply the substantive law of the state where the act or omission occurred. *FDIC v. Meyer*, 510 U.S. 471, 478 (1994); *Augutis*, 732 F.3d at 752. The acts or omissions alleged in this case occurred at USP-Marion, so Illinois substantive law applies.

Where a plaintiff sues the United States for the medical negligence of its employees in Illinois under 735 ILCS 5/2-622, Illinois law requires a plaintiff to file an affidavit either (1) indicating he has consulted with a medical professional who has written a report deeming his claim is meritorious or (2) indicating that the plaintiff was unable to obtain a report prior to the expiration of the statute of limitations. 735 ILCS 5/2-622(a) (as amended by P.A. 90-579, effective May 1, 1998). The medical professional's report must accompany the affidavit or, if the report was unavailable at the time, must be filed within 90 days after the complaint is filed. *Id.* The failure to file the required affidavit is grounds for dismissal. 735 ILCS 5/2-622(g) (as amended by P.A.

90-579, effective May 1, 1998). This is a substantive requirement of Illinois law. *See Hahn v. Walsh*, 762 F.3d 617, 629-33 (7th Cir. 2014) (diversity jurisdiction context), *cert. denied*, 135 S. Ct. 1419 (2015); *Murphy v. United States*, No. 3:08-cv-745-JPG-DGW, 2010 WL 3310258 (S.D. Ill. Aug. 19, 2010) (FTCA context). Because Smith has not filed the required affidavit and report, the Court must dismiss his FTCA claim against the United States, although it may allow him leave to amend his pleading to correct the omission. *See Sherrod v. Lingle*, 223 F.3d 605, 614 (7th Cir. 2000).

In his objection, Smith notes that the Court told him earlier in this case that an FTCA claim does not require a certificate of merit from a medical professional (Doc. 37). While the FTCA itself does not require a certificate of merit *per se*, FTCA claims asserting medical negligence under Illinois law do, and the Court misspoke if it said otherwise. Because Smith may have been misled, the Court will dismiss his FTCA claim without prejudice and allow him 30 additional days to submit the required affidavit and expert report.

Smith also asks for the Court to excuse him from the certificate of merit requirement because it will be difficult, if not impossible, for him to conduct the required consultation and obtain the required report while he is in federal prison. While the Court has some sympathy for Smith's position, it cannot relieve him of the obligation imposed by Illinois law.

Smith further contends this case should not be dismissed for failure to exhaust administrative remedies because the Bureau of Prisons impeded his pursuit of an administrative remedy and because he was in imminent danger needing immediate court intervention. Magistrate Judge Williams did not rely on Smith's failure to exhaust in his recommendation, so Smith's objections in this regard are irrelevant.

Finally, Smith argues this case is not of a medical nature such that the requirement for a

certificate of merit from a medical professional applies. On the contrary, he claims, this case only involves the simple question of whether medication was given at the proper time of day. Smith is wrong. The certificate of merit requirement applies to "any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice." 735 ILCS 5/2-622(a). A "healing art malpractice" case is one in which the standard of care must be established by expert medical testimony. *Kolanowski v. Illinois Valley Cmty. Hosp.*, 544 N.E.2d 821, 823-24 (Ill. App. Ct. 1989). The correct standard of care for medical treatment, including administering medication, would require expert medical testimony, *see, e.g., Brooks v. Leonardo*, 561 N.E.2d 1095, 1098 (Ill. App. Ct. 1990); *Gasbarra v. St. James Hosp.*, 406 N.E.2d 544, 549 (Ill. App. Ct. 1979), so this is a "healing art malpractice" case that requires a certificate of merit.

For the foregoing reasons, the Court:

- **ADOPTS** the Report in its entirety (Doc. 119);

- **OVERRULES** Smith's objections (Doc. 126);

- **GRANTS** the United States' motion to dismiss Count 1 of Smith's Second Amended Complaint (Doc. 52);

- **DISMISSES** Count 1 of Smith's Second Amended Complaint **without prejudice**;

- **ORDERS** that Smith shall have up to and including September 25, 2015, to file an amended pleading containing the affidavit and medical professional's report as required by 735 ILCS 5/2-622; and

- **WARNS** Smith that the Court will dismiss his FTCA claim against the United States (Count 1) with prejudice without further warning should he fail to file an amended pleading containing the required affidavit and medical professional's report.

**IT IS SO ORDERED.**
**DATED:   August 26, 2015**

             s/ J. Phil Gilbert
             **J. PHIL GILBERT**
             **DISTRICT JUDGE**