IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

THOMAS M. SMITH,

    Plaintiff,

vs.

JEFFREY S. WALTON, D. SPROUL, E. GARCIA, H. CLARK, M. BAGWELL, LESLEE DUNCAN BROOKS, J. DAVID, D. HUGGINS, C. BROOKS, J. SMITH, STEIMETZ, M. WINKLMEIER, D. SZOKE, ROBERT KING, PAUL HARVEY, FERNANDO CASTILLO, BENJAMIN CULLERS, PATRICK CUNNINGHAM, ERIC EDMISTER, MICHELLE DAUN, ROBYN BRYSON, and J. WEBBER,

    Defendants.

Case No.   14-cv-514-JPG-SCW

## REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

### INTRODUCTION

This matter is before the court on a motion for summary judgment filed by Defendant Sproul (Doc. 142) and a motion for summary judgment filed by all other remaining Defendants (Doc. 129). The matter has been referred to United States Magistrate Judge Stephen C. Williams by United States District Judge J. Phil Gilbert pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (c), Federal Rule of Civil Procedure 72(b), and

Local Rule 72.1(a). Plaintiff has not responded to either motion. Thus, pursuant to SDIL Local Rule 7.1(c), the Court deems Plaintiff's failure to respond an admission of the merits of both motions. See also *Smith v. Lamz*, **321 F.3d 680, 683 (7th Cir. 2003);** *Flynn v. Sandahl*, **58 F.3d 283, 288 (7th Cir. 1995) (a failure to respond constitutes an admission that there are no undisputed material facts).** Accordingly, it is **RECOMMENDED** that the District Court **ADOPT** the following findings of fact and conclusions of law, and **GRANT** Defendants' motions for summary judgment (Docs. 129 and 142).

## FINDINGS OF FACT

Plaintiff filed a second amended complaint in this case on August 26, 2014 (Doc. 24) after his first complaint was dismissed for failure to comply with Federal Rule of Civil Procedure 8(a) (Docs. 1 and 9). Plaintiff's amended complaint initially raised seven claims against twenty-three defendants. However, in conducting its review under 28 U.S.C. § 1915A, the Court narrowed Plaintiff's claims to four claims: a claim under the Federal Tort Claims Act ("FTCA") for negligent medical care, a deliberate indifference claim against Defendants Szzoke, King, Harvey, Walton, Winklmeier, Bagwell, Duncan, Brooks, Castillo, Cullers, and Cunningham, a retaliation claim against Defendants Walton, Smith, Huggins, David, Brooks, Edmister, Daun, Bryson, Garcia, Sproul, Clark, Steimetz, and Webber, and a due process claim against Defendants Walton, Edmister, Daun, Bryson, Garcia, Sproul, Clark, Steimetz, and Webber for issuing frivolous disciplinary tickets and assessing punishments without hearings (Doc. 37, p. 7).

Plaintiff's FTCA claim was ultimately dismissed for failure to provide the required affidavit and medical professional's report pursuant to 735 ILCS 5/2-622 (Docs. 144 and 146). Thus, the only claims which remain are Plaintiff's deliberate indifference, retaliation, and due process claims.

In response to Plaintiff's complaint, all of the Defendants, except for Sproul, filed a motion for summary judgment on the basis of exhaustion (Doc. 129). Once Defendant Sproul entered the case, he also filed a motion for summary judgment on the basis of exhaustion (Doc. 142). Defendants Bagwell and Harvey also argued that they were immune from suit as Public Health Service officers (Doc. 129). As PHS officers, Bagwell and Harvey argue that they are immune from suit in their individual capacity. *See* **42 U.S.C. § 233(a).**

As to the Defendants' claim to summary judgment on the basis of exhaustion, Defendants argue that Plaintiff failed to exhaust his administrative remedies as to all three of his claims. As to Plaintiff's deliberate indifference claim, Defendants point to six administrative remedies that Plaintiff filed related to his medical treatment while at Marion. Plaintiff submitted a BP-9 form (No. 725880) regarding his chronic care at Marion on March 6, 2013. Plaintiff complained that he had been denied care since arriving at Marion and that in responding to his BP-8 form the officials ignored a previously ordered MRI from Englewood, CO as well as approval of a bottom bunk at that facility (Doc. 129-2, p. 4, 105-106). The remedy was received March 12, 2013 and was denied by the warden on March 21, 2013 (*Id.* at p. 104-105, and 108). There is no

indication that Plaintiff appealed the response from the warden (Doc. 129-2, p. 4).

Plaintiff filed another BP-9 (No. 728963) dated March 28, 2013 regarding treatment for his left knee (Doc. 129-2, p. 4, 112). The grievance was received on April 1, 2013 and denied by the warden on April 15, 2013 (*Id*. at p. 112-114). Plaintiff submitted a BP-10 to the regional office on September 25, 2013 and the remedy was deemed untimely submitted (*Id*. at p. 5, 111). Plaintiff did not appeal that decision or submit anything further regarding the issue.

Plaintiff submitted a BP-9 remedy (No. 731015) on April 10, 2013 for compassionate release (Doc. 129-2, p. 5, 123). The grievance was received on April 16, 2013 and denied the remedy on April 24, 2013 as Plaintiff had the condition he sought release on since 2004, thus not qualifying as a condition that was not foreseen by the sentencing court as Plaintiff was sentenced in 2011 (*Id*. at p. 124). Plaintiff did not appeal the decision.

Plaintiff's next remedy (No. 755363) regarding his medical care was submitted on October 25, 2013 and was a BP-10 submitted directly to the regional office. This remedy complained of improper medical care and requested compassionate release (Doc. 129-2, p. 7; 129-3, p. 13). The remedy was rejected because Plaintiff filed the remedy at the wrong level and failed to first trial informal resolution or file a BP-9 with his counselor (*Id*.). Plaintiff was given additional time to resubmit the proper form but there is no evidence that Plaintiff made any further submissions as to this remedy.

Plaintiff submitted a BP-9 form (remedy No. 770047) dated February 27, 2014

appealing his BP-8 with his counselor (Doc. 129-2, p. 9; 129-3, p. 23-25). Plaintiff complained about a change to his medication dosage (Doc. 129-2, p. 24). The warden denied the grievance on March 14, 2014 (Doc. 129-3, p. 26). There is no indication that Plaintiff appealed the remedy.

Plaintiff submitted remedy No. 786289 on July 10, 2014 arguing that he was being disciplined for wanting to start taking his medication after formally refusing it (Doc. 129-2, p. 10; 129-3, p. 57). Plaintiff requested that he be allowed to self-carry his medication instead of pick it up at the pill line. The remedy was received July 10 and denied by the warden on July 23, 2014 who indicated that Plaintiff was placed on the pill line due to prior non-compliance and concern that he would become resistant to the medication due to improperly taking the medication (Doc. 129-3, p. 58). Plaintiff appealed the decision with a BP-10 form which was received on August 4, 2014 and the regional office concurred with the warden's decision on August 15, 2014 (Doc. 129-3, p. 59-60). Plaintiff appealed that decision with a BP-11 form on August 25, 2014 which was received on September 19, 2014 (Doc. 129-3, p. 61).

As to Plaintiff's retaliation and due process claims, there are two grievances regarding disciplinary actions taken against Plaintiff. Plaintiff filed administrative remedies No. 745004 and No. 745005. Plaintiff submitted a BP-10 report on August 5, 2013 appealing incident report 2377397 (Doc. 129-2, p. 7, 155). The administrative remedy was returned to him as untimely as he received his discipline report on March 18, 2013 (Doc. 129-2, p. 155). Plaintiff was instructed to provide verification that the

untimeliness was not his fault (*Id*.). He did not do so and instead appealed the rejection of his administrative remedy with a BP-11 form on September 30, 2013 (Doc. 129-2, p. 7, 155). This appeal was rejected because Plaintiff was supposed to resubmit his BP-10 form to the regional office explaining his untimeliness (Doc. 129-2, p. 155). Plaintiff did not submit any further administrative remedies regarding this disciplinary action.

Plaintiff also submitted an administrative remedy on incident report 2379529 (Doc. 129-2, p. 7, 155). This remedy was received by the regional office on August 5, 3013 and was returned to Plaintiff as untimely (Doc. 129-2, p. 155). Plaintiff was directed to provide verification that the untimeliness was not his fault (*Id*.). Like with his other administrative remedy, Plaintiff appealed this remedy on a BP-11 form. The appeal concurred with the regional office's rejection and directed Plaintiff to resubmit his appeal to the regional office explaining his untimeliness (*Id*.). There is no evidence in the record indicating that Plaintiff followed the requirements set forth by the regional office or general counsel.

Plaintiff has not responded to Defendants' motions. However, the Court notes that in his complaint, Plaintiff indicates that he was unable to exhaust his administrative remedies because Defendants refused to provide him with the proper remedy forms, including forms BP-9, BP-10, and BP-11 (Doc. 24, p. 6).

CONCLUSIONS OF LAW

A. Legal Standards

   a. **Summary Judgment Standard**

Summary Judgment is proper if the pleadings, discovery materials, disclosures, and affidavits demonstrate no genuine issue of material fact such that [Defendants are] entitled to judgment as a matter of law." *Wragg v. Village of Thornton*, **604 F.3d 464, 467 (7th Cir. 2010).** Lawsuits filed by inmates are governed by the provisions of the Prison Litigation Reform Act ("PLRA"). **42 U.S.C. §1997e(a).** That statute states, in pertinent part, that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id*. **(emphasis added).** The Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement. *Dole v. Chandler*, **438 F.3d 804, 809 (7th Cir. 2006) (noting that '[t]his circuit has taken a strict compliance approach to exhaustion").** Exhaustion must occur before the suit is filed. *Ford v. Johnson*, **362 F.3d 395, 398 (7th Cir. 2004).** Plaintiff cannot file suit and then exhaust his administrative remedies while the suit is pending. *Id.* Moreover, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison administrative rules require." *Pozo v. McCaughtry*, **286 F.3d 1022, 1025 (7th Cir. 2005).** Consequently, if a prisoner fails to properly utilize a prison's grievance process, "the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely

unexhausted." *Dole*, **438 F.3d at 809.**

Under *Pavey*, the Seventh Circuit held that "debatable factual issues relating to the defense of failure to exhaust administrative remedies" are not required to be decided by a jury but are to be determined by the judge. *Pavey v. Conley*, **544 F.3d 739, 740-41(7th Cir. 2008).** Thus, where failure to exhaust administrative remedies is raised as an affirmative defense, the Court set forth the following recommendations:

> The sequence to be followed in a case in which exhaustion is contested is therefore as follows: (1) The district judge conducts a hearing on exhaustion and permits whatever discovery relating to exhaustion he deems appropriate. (2) If the judge determines that the prisoner did not exhaust his administrative remedies, the judge will then determine whether (a) the plaintiff has failed to exhaust his administrative remedies, and so he must go back and exhaust; (b) or, although he has no unexhausted administrative remedies, the failure to exhaust was innocent (as where prison officials prevent a prisoner from exhausting his remedies), and so he must be given another chance to exhaust (provided that there exist remedies that he will be permitted by the prison authorities to exhaust, so that he's not just being given a runaround); or (c) the failure to exhaust was the prisoner's fault, in which event the case is over. (3)If and when the judge determines that the prisoner has properly exhausted his administrative remedies, the case will proceed to pretrial discovery, and if necessary a trial, on the merits; and if there is a jury trial, the jury will make all necessary findings of fact without being bound by (or even informed of) any of the findings made by the district judge in determining that the prisoner had exhausted his administrative remedies.

*Id*. **at 742.**

### b. Exhaustion Requirements at Federal Prisons

The Federal Bureau of Prisons permits inmates to address issues with their conditions of confinement through an administrative remedy procedure. **28 C.F.R. § 542.10.** Administrative Officers have the responsibility of creating policies and

procedures to address Administrative Remedy Requests. **28 C.F.R. § 542.11.** As part of this responsibility, they must provide inmates with receipts for their requests, conduct investigations, and respond to and sign all Remedy Requests. **28 C.F.R. § 542.11.** Inmates are encouraged to attempt to resolve their grievances informally by using a BP-8 or BP-8 ½ form. **28 C.F.R. § 542.13.** Should that process fail, the inmate has twenty (20) days from the date of the incident to file a formal complaint (BP-9) with the Warden. **28 C.F.R. § 542.14.** The Warden must respond in twenty (20) days. **28 C.F.R. § 542.18.** The inmate may then use a BP-10 form to file an appeal with the Regional Office if she is unsatisfied with the Warden's response. **28 C.F.R. § 542.15.** The Regional Office will respond within thirty (30) days. **28 C.F.R. § 542.18.** Finally, should the issue remain unresolved, the inmate may file one last appeal (BP-11) to the General Counsel, which must be responded to within forty (40) days. **28 C.F.R. §§ 542.15, 542.18.** Each phase of this process has an appropriate form, which the inmate shall obtain from the institution staff, which is usually their correctional counselor. **28 C.F.R. § 542.14(c)(1).**

### B. Analysis

#### a. Public Health Service Immunity

Defendants M. Bagwell and Paul Harvey argue that they should be dismissed from this action as they are immune from suit as officers of the Public Health Service ("PHS"). 42 U.S.C. § 233(a) indicates that the exclusive remedy for a claim against a member of the PHS involving the performance of medical or related functions within the scope of employment is through the Federal Tort Claims Act and not a *Bivens* suit

against the individual officer. *See also Hui v. Castaneda*, **559 U.S. 799, 809 (2010).** Defendants Bagwell and Harvey have offered an affidavit indicating that they are PHS officers and that their actions in regards to decisions about Plaintiff's medical treatment fall within the scope of their employment as PHS officers (Doc. 129-1., p. 2-3). Specifically, the affidavit from Capt. George Durgin, USPHS Commissioned Corps Liaison indicates that Bagwell and Harvey are both PHS officers. Plaintiff has not offered any response to the argument or any evidence suggesting that Defendants are not immune as PHS officers. The Court finds no facts in the record to indicate that Defendants were acting outside of their administrative duties when they allegedly denied Plaintiff adequate medical treatment. Thus, this Court finds that it does not have subject matter jurisdiction over Bagwell and Harvey and **RECOMMENDS** that they be **DISMISSED with prejudice** from this case.

### b. Exhaustion

As to the issue of administrative exhaustion, Plaintiff has not responded to Defendants' motion, thus the undersigned deems this failure to respond an admission of the merits under SDIL Local Rule 7.1(c).

The undersigned finds that Plaintiff has failed to exhaust his administrative remedies as to any of his claims. As to Plaintiff's deliberate indifference claims that he was in pain with untreated conditions, Defendants point to six administrative remedies to could conceivably be related to his medical treatment. Two remedies in the record deal directly with his medical care for the conditions at issue in his complaint. One

remedy deals with his chronic pain and a second deals with a knee injury and his request for treatment for that injury. The remedy regarding his chronic pain was not appealed past the warden and while he did appeal his knee injury remedy to the regional office it was denied as untimely. Plaintiff did not appeal that remedy with a BP-11 form. Thus, neither of the two remedies dealing directly with his medical treatment was properly exhausted.

Defendants point to a third remedy that conceivably deals with his claim for improper care. His remedy No. 755363, while seeking compassionate release, also complained about his medical treatment. Plaintiff, however, submitted that grievance to the regional office with a BP-10 form, effectively bypassing the institutional remedy process by failing to submit the remedy to the warden. This grievance was rejected as being filed at the wrong level and Plaintiff was given ten days to resubmit the proper form, which Plaintiff failed to do. Thus, Plaintiff did not properly exhaust this remedy.

Defendants point to three other remedies which also deal with medical care. However, none of these remedies deal with the claims in his complaint, namely that Plaintiff has nerve damage in his fingers, a torn ligament in his knee, and seizures which Defendants failed to adequate treat and that he has constant pain. One remedy, No. 731015 requests compassionate release due to his health and does not discuss his medical care. Two other remedies, No. 770047 and No. 786289 deal with Plaintiff's medication and not treatment for his various conditions. One remedy complains about a change in his medication dosage and was not appealed past the BP-9 level. The other

grievance requests that he be allowed to self-carry his medication. This grievance was appealed to the general counsel but was the BP-11 form was not submitted until September 19, 2014, after he filed his amended complaint on August 26, 2014 (Doc. 24). Thus, even if the remedy was related to his claims in his complaint, which the undersigned finds that it is not, Plaintiff did not wait until his remedy was fully exhaust before filing his complaint. *Ford v. Johnson*, **362 F.3d 395, 398 (7th Cir. 2004)( Exhaustion is a precondition to filing suit; a prisoner may not file suit in anticipation that his administrative remedies will soon become exhausted.);***Perez v. Wisconsin Dept. of Corrections*, **182 F.3d 532, 535 (7th Cir. 1999) (citing 42 U.S.C. § 1997e(a)).** Thus, the undersigned finds that Plaintiff has failed to properly exhaust his administrative remedies as to his medical claims.

Plaintiff's remedies regarding his retaliation and due process claims also fail as he did not fully exhaust them. Two remedies were found in the record dealing with his claims that disciplinary action was improperly taken against him. Both remedies were rejected as untimely and Plaintiff was directed to resubmit the remedy explaining why the delay should not be considered his fault. Instead, Plaintiff chose to appeal that decision to the BP-11 level which rejected the remedy and instructed him to resubmit his grievance as directed on his BP-10 form. There is no evidence in the record indicating that Plaintiff properly responded to the BP-10 form and thus his remedies remained unexhausted.

The undersigned does note that Plaintiff alleged in his complaint that he was

unable to exhaust his administrative remedies because two Defendants, Daun and Bryson, refused to provide him with the proper forms in order to file his remedies. However, Plaintiff has not filed a response to Defendants' motions, nor has he submitted any evidence, either in the form of documentation or an affidavit, to suggest that he was thwarted in his attempted to file remedies.  Plaintiff's allegation in his complaint is also refuted by the fact that Plaintiff filed over twenty-six remedies during the time period that he was housed at Marion (Doc. 129-2; 129-3).  This is also refuted by the fact that Defendants have pointed to numerous remedies that he filed that could be considered as related to his claims but which he did not fully exhaust prior to filing suit.  Accordingly, the undersigned finds that Plaintiff failed to exhaust his administrative remedies and **RECOMMENDS** that the Court **GRANT** the motions for summary judgment on the basis of failure to exhaust.

## CONCLUSION

Accordingly, the undersigned **RECOMMENDS** that the Court find that Defendants Bagwell and Harvey are immune from suit in their individual capacities as officers of PHS and **GRANT** their motion for summary judgment (Doc. 129) and **DISMISS** the claims against them.  Further, the undersigned **RECOMMENDS** that the Court find that Plaintiff has failed to exhaust his administrative remedies as to the remaining Defendants, **GRANT** their motions for summary judgment, and **DISMISS** the claims against the remaining Defendants **without prejudice** for failure to exhaust.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties may object to

any or all of the proposed dispositive findings in this Recommendation. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *See, e.g., Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004). Accordingly, Objections to this Report and Recommendation must be filed on or before **February 1, 2016.**

**IT IS SO ORDERED**.
DATED: January 14, 2016.

/s/ *Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge